```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x  Civil Index# 07 CV 6086
CHRISTOPHER ALFERMAN
                                       (Kaplan, J.)
                    Plaintiff,
                                       Joint Pretrial Order
         -against-

LUCAS RIGGINS, PAULINE H. JENKINS and
DANIEL STEIN,

                    Defendants.
------------------------------------x
```



The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements directions and agreements are adopted as the Pretrial Order herein.

## I. NATURE OF THE CASE

The nature of the action is one of personal injury due to the negligence of the defendants. The within action involves a motor vehicle accident that occurred May 8, 2004, near the intersection of West 23rd Street and 10th Avenue, New York, New York.

Plaintiff seeks monetary compensation for pain and suffering and related expenses.

## II. JURY/NON-JURY

A jury has been requested and there is **no** dispute that this action should be tried before a jury. The estimated length of trial should be approximately three days.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/08
```

## III. STIPULATION FACTS

1. Plaintiff was involved in an accident on May 8, 2004. The accident involved a 2000 GMC motor vehicle bearing New York State plate number CMD9367 and a 2003 Suzuki motorcycle bearing Pennsylvania State plate number KV587.

2. At the time of the accident the owner of the 2000 GMC motor vehicle bearing New York State plate number CMD9367 was Defendant, Pauline H. Jenkins and the operator of the 2000 GMC motor vehicle was Defendant, Lucas Riggins.

3. At the time of the accident the 2003 Suzuki motorcycle bearing Pennsylvania State plate number KV587 was owned and being operated by Defendant, Daniel Stein.

4. At the time of the accident the plaintiff, Christopher Alferman, was a passenger on the motorcycle involved in the accident/collision.

5. At the time of the accident defendant, Lucas Riggins and Pauline H. Jenkins, owned, operated and controlled the 2000 GMC motor vehicle bearing New York State plate number CMD9367.

6. At the time of the accident defendant, Daniel Stein, owned, controlled, took care of, maintained, operated and had a duty to reasonable maintain, control and operate the 2003 Suzuki motorcycle bearing Pennsylvania State plate number KV587.

7. The Plaintiff timely commenced this lawsuit and this Court has personal and subject matter jurisdiction.

IV. PARTIES CONTENTIONS

A. Plaintiff ALFERMAN"S contentions

8. That on the May 8, 2004, on West 23rd Street near the intersection 10th Avenue in the County, City and State of New York, a 2003 Suzuki motorcycle bearing Pennsylvania State plate number KV587 in which the plaintiff, CHRISTOPHER ALFERMAN, was a passenger on was involved in a crash and/or collision with a 2000 GMC motor vehicle bearing New York State plate number CMD9367.

9. That as a result of the aforesaid collision the plaintiff, CHRISTOPHER ALFERMAN was severely and permanently injured.

10. That the aforesaid accident/collision was cause wholly and solely by reason of the negligence of the defendants without any fault or negligence on the part of the plaintiff.

11. That both defendants were negligent, careless, reckless, in the ownership, operation, management, use, maintenance and control of their motor vehicle/motorcycle.

12. The plaintiff, CHRISTOPHER ALFERMAN, sustained severe and permanent personal including but not limited to: Displaced Right Fractured Clavicle; Displaced Right Fractured Scapula; Distal Clavicle Fracture; Scapular Body Fracture and Scapular Spine Fracture; Intra-articular Fracture of the Right Scapula; Fractured Rib; Trauma Pneumothorax; Bilateral Pulmonary Contusion; Right Eye Hematoma; Cerebral Concussion; Right Wrist Contusion/Sprain; Left Knee Sprain; Left Knee Contusion/Abrasion; Right Knee Contusion/Abrasion; Right Index Finger & Pain; Scarring;

Concussions; Loss of Conscience; Breathing problems; Muscle spasm; Restricted range of motion of both shoulders; Restricted range of motion of both knee; Depression; Continual headaches.

13. That the defendants are jointly and severely liable.

14. The plaintiff contends that due to the defendants, Lucas Riggins and Pauline H. Jenkins failure to appear for an examination before trial and their failure provide discovery the answer of Lucas Riggins and Pauline H. Jenkins should be stricken, Lucas Riggins and Pauline H. Jenkins should be precluded from offering any evidence, Lucas Riggins and Pauline H. Jenkins should be precluding from denying an accident occurred, Lucas Riggins and Pauline H. Jenkins should be precluding from denying they owned, operated, maintained and controlled the 2000 GMC motor vehicle bearing New York State plate number CMD9367.

B. Defendant STEIN's contentions

15. That on May 8, 2004 on West 23rd Street near its intersection with 10th Avenue in the County, City and State of New York, a 2003 Suzuki motorcycle owned and operated by the defendant STEIN, bearing Pennsylvania State plate number KV587 and on which plaintiff ALFERMAN was a passenger, was involved in a crash and/or collision with a 2000 GMC motor vehicle bearing New York State plate number CMD9367.

16. That the aforesaid accident/collision was caused wholly and solely by reason of the negligence of the defendants RIGGINS

and JENKINS without any fault or negligence on the part of the defendant STEIN.

17. That the defendants RIGGINS and JENKINS were negligent, careless, reckless, grossly negligent, willful, wanton and otherwise culpable or vicariously liable in the ownership, operation, use, maintenance and control of the GMC motor vehicle. That defendants RIGGINS and JENKINS acted in reckless disregard for the safety of others. That the negligence of the defendants JENKINS and RIGGINS consisted of operating the GMC vehicle negligently, carelessly and recklessly; failing to keep the GMC under reasonable and proper control; failing to operate the GMC vehicle with due regard for the safety of other motorists; failing to keep a proper lookout; failing to observe what was readily apparent; failing to avoid contact; failing to yield the right of way to the STEIN vehicle; failing to provide safe passage to the Stein vehicle; failing to properly use the vehicles braking and steering systems; turning across the path of oncoming traffic; violating applicable statutes, ordinances and regulations, including but not limited New York State Vehicle and Traffic Law sections 1120, 1141, 1143, 1160 and 1162; and making a U-turn in front of the STEIN vehicle.

18. That the defendants RIGGINS and JENKINS failed to appear for examinations before trial and are therefore precluded from offering any evidence regarding the happening of the accident;

the ownership of the GMC vehicle; and the operation of the GMC vehicle on the day of the accident.

B. <u>Defendant RIGGINS & JENKIN"S contentions</u>

19. This accident was caused by the co-defendant, DANIEL STEIN, who it shall be claimed was driving inattentively and at a rate of speed inappropriate to the conditions then and there existing and for failing to see the automobile driven by LUCAS RIGGINS and for failing to take any defensive action to avoid the accident.

20. The injuries sustained by the plaintiff have resolved and that there is no permanency and that the plaintiff demonstrates no restrictions to any parts of the body claimed injured and that the plaintiff may resume all normal activity without any restrictions whatsoever.

21. Defendants RIGGINS and JENKINS object to the plaintiff's request that their answer be stricken as all discovery demands have been responded to and the failure of Riggins to appear at a deposition was not willful or contumacious. Riggins was the friend of Jenkin's grandson who was operating the vehicle with permission and consent. However, upon information and belief Riggins has moved out of state and despite continuing efforts to date he can not be located.

V. <u>ISSUED TO BE TRIED</u>

22. The percentage of liability of each defendant, if any,

for the accident of May 8, 2004. The severity of the plaintiff's injury and the monetary compensation for pain and suffering sustained by the plaintiff and related expenses incurred.

## VI. PLAINTIFF'S EXHIBITS

Plaintiff's exhibits to be offered at trial:

1. A Photograph of the plaintiff after the accident
2. Medical records from ProCare Rehabilitation, LLC,
3. Medical records, x-rays and MRI's from St. Vincent's Hospital & Medical Center
4. Medical records, x-rays and MRI's from Hunterdon Orthopaedic Specialists, P.A./Michael Pollack, MD
5. Medical records, x-rays and MRI's from Hunterdon Radiological Associates, P.A.
6. Medical records from Sports Physical Therapy Institute
7. New York City Police Report
8. Medical bills
9. School records/transcript from Raritan Valley Community College
10. Anatomical exhibits of the shoulder and knees(demonstrative evidence)

The plaintiff request the Court to take Judicial Notice of the PJI Life Expectancy Tables and PJI Working Life Tables

## VII. DEFENDANTS' EXHIBITS

Defendant STEIN's exhibits to be offered at trial:

A. The report of Dr. Sarasavani Jayaram dated December 17, 2007

B. The report of Dr. David Hsu dated December 17, 2007

C. The plaintiff's employment records from RBM Flooring

D. The plaintiff's employment records from Pep Boys

Defendant RIGGINS and JENKINS's exhibits to be offered at trial:

A. The report of Dr. Sarasavani Jayaram dated December 17, 2007

B. The report of Dr. David Hsu dated December 17, 2007

E. The entire deposition of the plaintiff

F. The entire deposition of the defendant


## VIII. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

A. Plaintiff, ALFERMAN objects to the report of Dr. Sarasavani Jayaram dated December 17, 2007 (Defendants' Exhibit A) and the report of Dr. David Hsu dated December 17, 2007 (Defendants' Exhibit B). The plaintiff objects to these two exhibits on the grounds of hearsay.

B. Defendant RIGGINS & JENKINS objects to the use of any anatomical exhibits (Plaintiff's 10).

## IX. PLAINTIFF'S WITNESS LIST

Plaintiff intends to call

    1. Plaintiff, Christopher Alferman

    2. Michael Alferman

    3. Defendant, Daniel Stein

    4. Dr. Leonard Harrison

## X. DEFENDANTS' WITNESS LIST

Defendant STEIN'S witness list:

    1. Defendant Daniel Stein

    2. Dr. Sarasavani Jayaram

    3. Dr. David Hsu

Defendant RIGGINS & JENKINS'S witness list:

    1. Defendant Daniel Stein

    2. Dr. Sarasavani Jayaram

    3. Dr. David Hsu

    4. Christopher Alferman

## XI. RELIEF SOUGHT

As a direct and proximate result of defendants' negligence, carelessness, recklessness plaintiff has suffered the following injuries and damages:

    a. physical pain and mental anguish, conscience pain and suffering in the past and future, including but not limited to fractured bones;

b. medical, related expenses in the past and future;

The defendants seek a determination of fault between the defendants for the happening of accident.

Dated: May 1, 2008

Respectfully Submitted,

_____
PETER P. FERRAIUOLO, ESQ. (pf-1506)
Attorney for Plaintiff
160 Broadway - Suite 500
New York, New York 10038


_____
William N. Candiloros
Acito Klein & Candiloros, PC
535 Fifth Avenue
New York, New York 10017


_____
Philip M. Agliette
Buratti, Kaplan, McCarthy & McCarthy
One Executive Blvd, Suite 177
Yonkers, N.Y. 10701


_____
SO ORDERED

5/5/08